Eric M. Schiffer (SBN 179695)
Cathy L. Granger (SBN 156453)
clgranger@wolfewyman.com
WOLFE & WYMAN LLP
5 Park Plaza, Suite 1100
Irvine, California 92614-5979
Telephone: (949) 475-9200
Facsimile:  (949) 475-9203

Attorneys for Defendants
GMAC MORTGAGE, LLC, HOMECOMINGS
FINANCIAL, LLC, and ETS SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG GALASKI, and C.S. GALASKI,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC, HOMECOMINGS FINANCIAL NETWORK, INC., LSI TITLE COMPANY, ETS SERVICES, LLC and DOES 1 through 10,<br><br>Defendants. | Case No. 09-2539-JFW (JWJx)<br><br>(Assigned to Judge John F. Walter, Dept. D "J")<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS GMAC MORTGAGE, LLC AND ETS SERVICES, LLC**<br><br>Date:  August 17, 2009<br>Time:  1:30 p.m.<br>Place:  D "J"<br><br>Trial Date: None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 17, 2009, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable John F. Walter, United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, California, Defendants GMAC Mortgage LLC and ETS Services, LLC will move the Court for an order dismissing this action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the basis that Plaintiffs'

1

1  Amended Complaint fails to state a claim upon which relief can be granted.

2  Pursuant to Local Rules 7-3 and 16-12(c), this matter is exempt from the meet
3  and confer requirement that is otherwise prerequisite to the filing of a motion.

4  This Motion to Dismiss is based on this notice, the attached Memorandum of
5  Points and Authorities, upon all records and pleadings on file herein and such other
6  evidence as may be received by the Court.

7
8  DATED: July 7, 2009                              WOLFE & WYMAN LLP

9
10                                                  By:   /s/ Cathy L. Granger
                                                          ERIC M. SCHIFFER
11                                                        CATHY L. GRANGER
                                                    Attorneys for **Defendants**
12                                                  **GMAC MORTGAGE, LLC.,**
                                                    **HOMECOMINGS FINANCIAL,**
13                                                  **LLC, and ETS SERVICES, LLC**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ALLEGED FACTS.

The Plaintiffs filed their Complaint in an apparent effort to forestall a foreclosure on residential real property located at 2317 Edam Street, Lancaster, California (the "Subject Property").

According to the First Amended Complaint ("FAC") and its exhibits, Plaintiff Greg Galaski[1] used the services of a broker, Allstate Bankcorp, to obtain two loans secured by deeds of trust against the Subject Property. *FAC ¶¶ 4, 13*. The first loan of $284,000.00 was evidenced by an Interest-Only Adjustable Rate Note in which the lender was identified as "Homecomings Financial LLC f/k/a Homecomings Financial Network, Inc." (erroneously sued herein as Homecomings Financial Network, Inc. and hereinafter referred to as "Homecomings"). *FAC ¶13; see also, page 39 of FAC's exhibits.* Simultaneously, Plaintiff obtained a second loan, also through Homecomings, for $34,868.32. *See, pp. 89-96 of FAC's exhibits.*

Plaintiffs allege Mr. Galaski made payments on the loan through December 2008. *FAC ¶21.* Toward the end of January 2009, he contacted Homecomings because he had lost his job; at that time, he was told no assistance was available. *FAC ¶¶21-22.* He subsequently learned Homecomings had issued negative credit reporting information to DiscoverCard Financial services. *FAC ¶25.*

Plaintiffs further allege Mr. Galaski issued "qualified written complaints or disputes" to Homecomings and GMAC Mortgage LLC ("GMACM") on March 6, 2009 demanding that they

> …disclose the criteria for successfully applying for loan modification, disclose why plaintiff is not entitled to relief according to the Emergency Mortgage Relief Act, and why defendants have not disclosed that plaintiff might be entitled to

---

[1] According to the Documents attached as exhibits to the Amended Complaint, the borrower was identified as G. John Galaski. (See, i.e., FAC exhibits p. 38.)

1

relief under the Emergency Mortgage Relief Act, Title 12 United States Code section 2701 *et seq.*

FAC ¶¶26-27.

According to the FAC, neither GMACM nor Homecomings responded to either letter. Consequently, Plaintiffs sent correspondence to Homecomings and GMACM disputing the derogatory credit reports and the Defendants' "attempt to collect any debt." FAC ¶¶31-33. Plaintiffs also allege Homecomings was unauthorized to collect a debt because it "cannot conduct business in the State of California." FAC ¶35. The FAC alleges "Homecomings voluntarily surrendered its right to transact business within California since November 17, 2006 [sic]," approximately four months before Plaintiff entered into the Subject Loan transactions with Homecomings. FAC ¶37.

Plaintiffs further allege Mr. Galaski attempted to rescind the loans on April 29, 2009, but that Homecomings responded by refusing to rescind. FAC ¶¶39-40.

On May 18, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded. FAC ¶49; see also, exhibits to FAC, p. 206.

Plaintiffs allege that, in light of defendants' "waivers to comply with plaintiff's letters, demands and notices, and the law of this case, [] none of the defendants have a claim against plaintiff." FAC ¶54.

This Motion is brought by Defendants Homecomings and GMACM (together, Moving Defendants) because the FAC fails to state facts sufficient to entitle Plaintiffs to any relief.

II.   **LEGAL STANDARD.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the facts alleged in the complaint. A motion to dismiss is properly granted where the facts alleged, even if true, would not entitle a plaintiff to any relief. (DeLaCruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978.)

2

To satisfy federal notice pleading requirements, a plaintiff must aver more than bare assertions of legal conclusions. "'A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" (Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).)

In testing the complaint's legal sufficiency, the court is to assume all factual allegations in the complaint are true. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) [the "deferential standard does not force an appellate court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."].) As the U. S. Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007),

> Plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a form-like recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise the right to relief above the speculative level.

Id. at 555.

### III. THE FAC LISTS OSTENSIBLE CAUSES OF ACTION NOT ALLEGED WITHIN THE BODY OF THE PLEADING.

At the outset, Moving Defendants note that the FAC's Caption purports to list nine causes of action. However, according to the body of the FAC, there are four "counts."

Nonetheless, Moving Defendants address the other listed claims here because the Prayer contains requests for relief mirroring them. Initially, for example, the FAC's first page suggests it is a complaint for "Declarative Relief." Yet, nowhere in the FAC do Plaintiffs cite the federal statute giving rise to a claim for declaratory

3

relief, 28 USC §2201, or attempt to demonstrate how their claims give rise to such a claim. Consequently, the pleading is deficient insofar as it attempts to state a claim for declaratory relief.

Similarly, Plaintiffs' caption indicates they seek to "Enjoin Foreclosure," despite the absence from their FAC of any reference to the standards for issuing injunctive relief. The FAC fails to satisfactorily allege the required basis for the imposition of injunctive relief.

Moreover, both declaratory relief and injunctive relief are equitable in nature. It is well established that before a borrower obtain equity, he or she must "do equity." (Arnolds Management Corp. v. Eischen (1984) 158 Cal.App.3d 575, 577.) Here, this means the Plaintiffs cannot seek equitable relief unless and until they tender the amounts due on their loans. (United States Cold Storage of California v. Great Western Savings & Loan Association (1985) 165 Cal.App.3d 1214, 1222.) A "valid and viable tender of payment of indebtedness" is an essential element of the action. (FPCI RE-HAB 01 v. E & G Investments, Ltd. (1989) 207 Cal.App.3d 1018, 1021.)

## IV. THE FAC'S FIRST COUNT FAILS TO STATE A CLAIM FOR VIOLATIONS OF TILA OR RESPA.

### A. In Alleging Multiple Statutory Claims in a Single Cause of Action, Plaintiffs Violate their Pleading Obligations.

Plaintiffs allege a first count for violations of both the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA). *FAC ¶59.* This is inappropriate, since by combining multiple claims for relief in each count, a plaintiff disregards the rules governing the presentation of claims to a district court. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir.2001).

### B. Plaintiffs' TILA Claim is Time Barred.

The FAC alleges GMACM and Homecomings violated TILA by failing to provide copies of certain documents during the loan origination process. *FAC ¶59.*

4

The statute of limitation for actions brought under TILA is "one year from the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the FAC acknowledges the loan closed in March 2007. *FAC ¶13*. Yet, the Plaintiffs did not file their original Complaint until April 13, 2009 – more than two years later. As the court in Meyer v. Ameriquest Mortgage Co., 342 F.3d 899 (9th Cir. 2003) observed,

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TILA violation and a §1640(a) damages claim on the day the loan papers were signed.

Id. at 902.

Consequently, the TILA claim is barred.

### C. Plaintiffs' RESPA Allegation Fails to State a Claim.

Similarly, Plaintiffs' claim that Homecomings and GMACM violated RESPA fails. Plaintiffs' allegation is premised on the claim that they did not receive copies of certain documents. *FAC ¶59*. Yet, a "complaint's reliance on RESPA is unsupported in the absence of allegations of 'improper kickbacks' and a private right of action under RESPA disclosure requirements. See Bloom v. Martin, 865 F.Supp. 1377, 1384-1385 (N.D.Cal.1994), aff'd, 77 F.3d 318 (1996). Plaintiffs allege neither. To the extent they rely RESPA's section 4 disclosure provision, Plaintiffs' reliance is misplaced; there is no private right of action under that provision. 12 USC §2603. See also, Watts v. Decision One Mortgage Co., LLC, 2009 WL 1657424, *3 (S.D. Cal. 2009).

### V. COUNT II FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In alleging "Defendants and each one of them" violated the federal Fair Debt Collection Act (15 USC §1692), the FAC ambiguously asserts the Defendants' "violations of this law is not limited to any of" six listed transgressions. *FAC ¶60*. Yet, beyond reciting the language of the Act, the FAC refers to no specific conduct

5

amounting to purported violations.  Consequently, the pleading is insufficient to put Moving Defendants on notice of their alleged transgressions.  See, Bell Atlantic Corp. v. Twombly, supra, 550 U.S. 544, 555; see also, Paek v. Plaza Home Mortgage, 2009 WL 16684576 *2 (CD Cal. 2009) (cause of action in complaint was insufficient, where it alleged defendants "violated RESPA in one or more of the following ways" and listed thirteen sections of RESPA without factual support).

Moreover, as numerous District Courts have expressly observed, foreclosure proceedings do not constitute debt collection activities under the FDCPA.  (Hulse v. Ocwen Fed Bank, FSB ,195 F.Supp.2d 1188, 1204 (D.Ore. 2002); Ines v. Countywide Home Loans, 2008 WL 4791863, *2 (S.D. Cal. 2008); Walker v. Equity 1 Lenders Group  2009 WL 1364430, *7 (S.D. Cal. 2009.); Duran v. Aurora Loan Services 2009 WL 1110643, *2 (E.D. Cal., 2009).  The Ines Court found:

> The FDCPA and the RFDCPA prohibit debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. 15 U.S.C. §1692 et seq.  To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector" collecting a "debt." Yueda v. J.A. Cambece Law Office, 2005 U.S. Dist. LEXIS 9271 (N.D.Cal.2005).  Furthermore, **the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."** Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002); see also  Williams v. Countywide Home Loans, Inc., 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors'). California incorporated the FDCPA into the RFDCPA under Section 1788.17 of the California Civil Code.  (Emphasis added).

(Ines v. Countywide Home Loans, 2008 WL 4791863, *2 (S.D. Cal. 2008) (emphasis added).

Thus, the Plaintiffs have not and cannot state a viable claim against Moving Defendants under Count II.

6

## VI. COUNT III FAILS TO STATE A CLAIM FOR RELIEF.

In alleging Moving Defendants violated the Fair Credit Reporting Act (15 USC §1681s-2) by "failing or refusing to respond to inquiries these defendants received," Plaintiffs ignore the contents of the document on which they rely – and have attached to the FAC – in support of their allegation.

Specifically, Plaintiffs allege that

> By letter dated May 14, 2009 attached as **Exhibit 22** credit reporting agency Equifax informed plaintiff that it contacted both defendants Homecomings and GMAC informing these defendants about plaintiff's dispute. After receiving no response from defendants Homecomings and GMAC, Equifax requested that plaintiff provide a statement that it could add to plaintiff's credit record.

*FAC ¶44.*

Plaintiffs further allege that

> By letter dated May 28, 2009 attached as **Exhibit 25**, credit reporting agency Equifax confirmed that it again contacted defendants Homecomings and GMAC, that it received no response from these defendants, and added plaintiff's dispute statement to its credit record according to plaintiff's May 21, 2009 letter (Exhibit 23).

*FAC ¶47.*

Despite these allegations, a review of the documents attached as Exhibits 22 and 25 to the FAC (found at pages 195 and 202 of the FAC's exhibits) demonstrates that **nowhere do the exhibits suggest that GMACM or Homecomings failed to respond to any inquiry.** Instead, in both documents, Equifax informed Plaintiffs it had "contacted each source directly and our investigation is now completed."

In considering and ruling on Moving Defendants' motion to dismiss, the Court should properly consider the contents of the documents attached as exhibits to the FAC. A court may consider evidence on which a complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

7

1  claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)
2  motion. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.1994), overruled on
3  other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002);
4  see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 n. 3 (2d Cir. 2002). The
5  court may treat such a document as "part of the complaint, and thus may assume that
6  its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."
7  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

   The documents upon which Plaintiffs necessarily rely to support Count III of
their FAC disprove its claims. Thus, the cause of action should be dismissed.

## VII. PLAINTIFFS ARE NOT ENTITLED TO RESCISSION BECAUSE THEY HAVE NOT OFFERED TO RESTORE DEFENDANTS TO THEIR FORMER POSITION.

Plaintiffs' fourth count relies on the same alleged "failures" to comply with TILA and RESPA as are alleged in the first count. Consequently, it fails for the same reasons as the first. Beyond those deficiencies, the claim for rescission fails because Plaintiffs do not allege they have tendered the amounts owing on their loans.

The ability to tender the amounts owing is an essential element of a rescission claim. Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003) (District Court can dismiss TILA rescission case if borrowers cannot provide proof of their ability to repay loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir.1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds).)

Here, Plaintiffs' failure to allege their ability to tender the loan amounts owing means they have failed to state all of the required elements of the rescission claim. See also American Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 821 (4th Cir. 2007) ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate…"); Alcaraz v. Wachovia Mortg. FSB, 592 F.Supp.2d 1296, 1303-

8

1304 (E.D. Cal. January 6, 2009); Powers v. Sims and Levin, 542 F.2d 1216, 1221 (4th Cir. 1976).

## VIII. CONCLUSION.

Plaintiffs' First Amended Complaint and the Exhibits to which it refers demonstrate that Plaintiffs have not and cannot state any claim against Moving Defendants upon which relief may be granted.  Consequently, Moving Defendants respectfully request that their Motion to Dismiss be granted entirely.

DATED:  July 7, 2009                WOLFE & WYMAN LLP


By:  /s/ Cathy L. Granger
ERIC M. SHIFFER
CATHY L. GRANGER
Attorneys for **Defendants GMAC MORTGAGE, LLC., HOMECOMINGS FINANCIAL, LLC, and ETS SERVICES, LLC**

ELECTRONIC PROOF OF SERVICE
Case Name
Case No. Case #

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Donna R. Daisey, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1100, Irvine, California 92614-5979. On July 7, 2009, I served the document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS GMAC MORTGAGE, LLC AND ETS SERVICES, LLC** as follows:

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Greg Galaski, et al. v. GMAC Mortgage, LLC, et al. website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 7, 2009, at Irvine, California.

_____
Donna R. Daisey

Document25