UNITED STATES DISTRICT COURT **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No. **CV 09-2539-JFW (JWJx)** Date:  September 8, 2009

Title: Greg Galaski -v- GMAC Mortgage LLC, et al.

**PRESENT:**

 HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANT HOMECOMINGS FINANCIAL LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT [filed 8/6/09; Docket No. 48];

ORDER GRANTING MOTION TO DISMISS BY DEFENDANT GMAC MORTGAGE, LLC AND ETS SERVICES, LLC [filed 8/6/09; Docket No. 47];

ORDER DENYING AS MOOT MOTION TO STRIKE PORTIONS OF THE AMENDED COMPLAINT BY DEFENDANT GMAC MORTGAGE, LLC AND ETS SERVICES, LLC [filed 8/6/09; Docket No. 49]; and

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGMENT [filed 7/20/09; Docket No. 35]

 On August 6, 2009, Defendant Homecomings Financial LLC ("Homecomings") filed a Motion to Set Aside Entry of Default.  Plaintiffs Greg Galaski and C.S. Galaski (collectively, "Plaintiffs") did not file an Opposition.  On August 6, 2009, Defendants GMAC Mortgage, LLC ("GMAC") and ETS Services, LLC ("ETS") filed a Motion to Dismiss, and Defendant Homecomings filed a Notice of Contingent Joinder in the Motion to Dismiss.  Plaintiffs did not file an Opposition.  On August 6, 2009, Defendants GMAC and ETS filed a Motion to Strike Portions of the Amended Complaint, and Defendant Homecomings filed a Notice of Contingent Joinder in the Motion to Strike Portions of the Amended Complaint.  Plaintiffs did not file an Opposition.  On July 20, 2009, Plaintiffs filed a Counter Motion for Summary Judgment.  On August 10, 2009, Defendant GMAC and ETS filed their Opposition, and Defendant Homecomings filed a Notice of Contingent Joinder.  On

September 4, 2009, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for September 14, 2009, is hereby vacated and these matters taken off calendar. After considering the moving papers and the arguments therein, the Court rules as follows:

Pursuant to Local Rule 7-9, Plaintiffs were required to file and serve their Oppositions or Notices of Non-Opposition "not later than fourteen (14) days before the date designated for the hearing of the motion," or August 31, 2009. *See* Local Rule 7-9. Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." *See* Local Rule 7-12. As of the date of this Order, Plaintiffs have not filed an Opposition to Homecomings's Motion to Set Aside Entry of Default, GMC and ETS's Motion to Dismiss, or GMAC and ETS's Motion to Strike Portions of the Amended Complaint. Pursuant to Local Rule 7-12, the Court deems Plaintiffs' failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Homecomings's Motion to Set Aside Entry of Default and GMC and ETS's Motion to Dismiss.

Accordingly, Defendant Homecomings's Motion to Set Aside Entry of Default is **GRANTED**. The default entered against Defendant Homecomings on July 1, 2009, is hereby **VACATED**. In addition, Defendants GMAC and ETS's Motion to Dismiss is **GRANTED**.[1] Plaintiffs' First Amended Complaint is hereby **DISMISSED with leave to amend** as to all defendants. Defendants GMAC and ETS's Motion to Strike Portions of the Amended Complaint is **DENIED as moot.** Plaintiffs' Counter Motion for Summary Judgment is **DENIED without prejudice**.

Plaintiffs shall file a Second Amended Complaint by September 16, 2009. Failure to file a Second Amended Complaint on or before September 16, 2009 will result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

---

[1] Because Defendant Homecomings filed a Notice of Contingent Joinder and the default against Defendant Homecomings was vacated, the Motion to Dismiss is **GRANTED** as to Defendant Homecomings. In addition, the Court exercises its discretion and **GRANTS** *sua sponte* the Motion to Dismiss as to non-moving Defendant LSI Title Company. *See, e.g., Bonny v. Society of Lloyd's*, 3 F.3d 156, 161 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.").