UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2539 JFW (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | GREG GALASKI, ET AL. v. GMAC MORTGAGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers): PLAINTIFFS' NOTICE TO DISQUALIFYING OR RECUSING JUDGE PERCY ANDERSON PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 455(a) AND HIS STAFF FOR THE APPEARANCE OF PERSONAL BIAS OR PREJUDICE** (filed 11/23/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The matter is hereby taken under submission.

On November 13, 2009, plaintiffs filed a motion to disqualify Judge John F. Walter for the appearance of personal bias or prejudice. On November 20, 2009, the motion was randomly assigned to Judge Percy Anderson. On November 23, 2009, plaintiffs filed a motion to disqualify or recuse Judge Anderson and his staff for the appearance of personal bias or prejudice pursuant to 28 U.S.C. § 455(a). The motion was thereafter randomly reassigned to this Court.

28 U.S.C. § 455(a) provides in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(4) provides that a judge "shall . . . disqualify himself [where] [h]e knows that he . . . has a financial interest in the subject matter in controversy . . . ." A "financial interest" includes "ownership of a legal or equitable interest, however small." 28 U.S.C. § 455(d)(4).

Plaintiffs argue that Judge Anderson and his staff should be disqualified, because Judge Anderson has concealed information in his financial disclosure reports dated 2003 through 2007 that would allow plaintiffs to determine whether he has a financial interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2539 JFW (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | GREG GALASKI, ET AL. v. GMAC MORTGAGE, LLC, ET AL. | | |

in this case. Mot. at 2. Plaintiffs assert that Judge Anderson has not revealed whether he

holds real estate investment trusts, holds stock in one of defendants' companies, or has another type of financial interest in this case. Id. at 3. Plaintiffs further argue the Court should conclude that Judge Anderson should be recused because the Ninth Circuit found in United States v. Wolff, 263 Fed. Appx. 612 (9th Cir. 2008), that Judge Walter erred in failing to recuse Judge Anderson. Id. at 7.

      First, insofar as plaintiffs argue that Judge Walter should be recused, that question is not before this Court. The Court notes, however, that the fact that the Ninth Circuit found that Judge Walter erred in failing to disqualify Judge Anderson in an AOL case does not demonstrate that he or Judge Anderson should be recused in this case. Second, plaintiffs have not presented any evidence that Judge Anderson has a financial interest in any party to this case. As such, based on the record now before the Court, plaintiffs' motion is DENIED.

      IT IS SO ORDERED.

                                                                            :    00

                              Initials of Preparer     CMJ